

NOURSE & BOWLES, LLP
Attorneys for Plaintiff
SAMSUN LOGIX CORPORATION
One Exchange Plaza
At 55 Broadway
New York, NY 10006-3030
(212) 952-6200

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SAMSUN LOGIX CORPORATION,                :
                                          :
                                          :
                  Plaintiff,              :   08 Civ.        (   )
                                          :
         - against -                      :   **VERIFIED COMPLAINT**
                                          :
TONGLI SHIPPING CO., LTD.                :
                                          :
                  Defendant.              :
------------------------------------------------------------X

      Plaintiff, SAMSUN LOGIX CORPORATION ("Plaintiff"), by its attorneys, Nourse & Bowles, LLP, complaining of the above-named defendant TONGLI SHIPPING CO., LTD. ("Defendant"), alleges as follows:

      1.    This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The Court has admiralty jurisdiction under 28 U.S.C. § 1333.

2. At all material times, Plaintiff was and now is a corporation or other business entity organized and existing under the laws of Korea with an office and place of business at 5-6 F, Lee Ma Building, 146-1 Soosong-Dong, Jongno–Gu, Seoul, Korea.

3. At all material times, Defendant was and now is a corporation or other business entity organized and existing under the laws of a foreign nation.

4. Pursuant to a contract of time charter party dated July 31, 2007, (the "Charter") Plaintiff, as Charterer, chartered the vessel M/V J SAFE from Defendant, as Owner, for a maximum period of 7 months. The Charter provides for resolution of disputes between the parties by arbitration in London with English law to apply.

5. The Charter provided, among other things, that the vessel was to load cargo at a wide range of ports including Kakinada, India for carriage to a similarly wide range of discharge ports including West Africa. Plaintiff subchartered the vessel to Allied Maritime Inc. (the "Subcharter") for the first trip which would be performed under the Charter. The Subcharter provided for a similar range of load ports and discharge ports as did the Charter. When Allied instructed Plaintiff, and in turn Plaintiff instructed Defendant and the vessel, to load cargo under the Charter at Kakinada, Defendant refused to do so

and instead withdrew the vessel from Plaintiff's service and unilaterally terminated the Charter.

6. Plaintiff thereby lost the opportunity to employ the vessel for the course of the seven month Charter and to gain profit during the course of that employment. Plaintiff estimates that it lost profit during that seven months in the amount of $1,321,914.01.

7. When Defendant withdrew the vessel from Plaintiff's service, Plaintiff was unable to provide the vessel to Allied under the Subcharter. On those facts, Allied has demanded arbitration in London and brought suit against Plaintiff in this Court in a suit *sub nom* Allied Maritime Inc. v. Samsun Logix Corporation 08 Civ. 3656 (TPG) for which it has demanded damages in the amount of $880,182.43. Allied has in that suit in this Court obtained an attachment of Plaintiff's funds in the amount of $880,182.43 as full security of its claim against Plaintiff.

8. By its actions, Defendant has breached its contract of Charter with Plaintiff and currently owes to Plaintiff the principal amount of $1,321,914.01. In addition thereto, Defendant owes to Plaintiff reimbursement of the $880,182.43 of Plaintiff's funds which have been attached in this Court by Allied or any lesser sum which is ultimately awarded or adjudged in favor of Allied against Plaintiff.

9. Costs, including solicitor's fees and expenses are routinely awarded to the successful party in London and Plaintiff claims the total of $400,000.00 representing a reasonable estimate of the likely solicitor's fees and costs to present and determine Plaintiff's claim in London.

10. Interest is also routinely awarded to the prevailing party in London on the foregoing amounts and Plaintiff claims interest at 6.5% for a period of 3 years, or the sum of $429,408.72, the said period of time being a reasonable estimate for resolution of the claim in London.

11. By reason of the foregoing premises, Defendant owes Plaintiff the sum of $3,031,504.44 as best as can presently be calculated.

12. Defendant cannot be found within the district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendant is believed to have or will have during the pendency of this action, assets within this district consisting of cash, funds, freight, hire or credits including but not limited to electronic funds transfers in the hands of garnishees in this District.

WHEREFORE, Plaintiff prays:

    A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

B.   That, since Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an order directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of Defendant's tangible or intangible property owing to or otherwise the property of the Defendant up to the amount of $3,031,504.44 to secure Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and, pursuant to Supplemental Admiralty Rule B, answer the matters alleged in the Complaint.

C.   That such property attached pursuant the Process of Maritime Attachment and Garnishment remain sequestered to serve as security for the payment of Plaintiff's claims; and

D.   That, following the attachment of sufficient funds to secure Plaintiff as prayed herein, that the action be stayed pending resolution of the merits of the claim in London in accordance with the governing contract.

E. That Plaintiff have such other, further and different relief as may be just and proper.

Dated: New York, New York
April 30, 2008

NOURSE & BOWLES, LLP
Attorneys for Plaintiff

By: _____
John P. Vayda (JV-0339)
One Exchange Plaza, At 55 Broadway
New York, NY 10006-3030
(212) 952-6200

STATE OF NEW YORK     )
                      ) ss:
COUNTY OF NEW YORK    )

JOHN P. VAYDA, being duly sworn, deposes and says:

I am a member of the firm of Nourse & Bowles, LLP, attorneys for Plaintiff herein and I have read the foregoing Verified Complaint and know the contents thereof and that the same are true to my own knowledge, except as to the matters herein stated to be alleged on information and belief, and as to those matters I believe them to be true.

The source of my information is documents, records and other information submitted to me on behalf of the Plaintiff.

This verification is made by me because Plaintiff is a foreign corporation.

_____

Sworn to before me this
30th day of April, 2008

_____
Notary Public

Karlene S. Jackson, Notary Public
State of New York, #01JA5083169
Qual. in Queens Cty.
Commission Expires November 17, 2009

7